UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRANT DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-01861-JPH-MKK |
| | ) | |
| MARK SEVIER Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Brant Davis' petition for a writ of habeas corpus seeks relief from his conviction and sanctions in prison disciplinary case NCF 23-08-0804. For the following reasons, his petition is denied.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt.  *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

**B.      The Disciplinary Proceeding**

On August 18, 2023, Investigator Kelly wrote a conduct report in case NCF 23-08-0804, charging Mr. Davis with offense B-216, sexual conduct. The conduct report stated:

> Offender Davis admitted to sexual activity in the Rec Building Restroom while in J Unit on 8/3/23. Geo Corporate was notified via email on 8/18/23 and substantiated the allegation.

Dkt. 9-1.

On August 17, 2023, Mr. Davis signed a statement: "We were at gym and Jordan was talking about giving me head so we went to the bathroom and he did then we agreed to deny it so there wouldn't be any drama on the yard." Dkt. 9-2 (quoted as in original).

On August 18, the screening officer notified Mr. Davis of the charge B-216, sexual conduct, and provided him a copy of the conduct report and the disciplinary hearing notice (screening report). Dkt. 9-3. The screening officer advised Mr. Davis of his rights, and Mr. Davis pled not guilty. *Id.* Mr. Davis did not waive his right to 24 hours' notice before the hearing. *Id.* He requested Jimmy Olsen, Eddy, and Monroe as witnesses to testify as to whether anything happened. *Id.*

Offender Eddie Sherrill stated that he was there and "nothing happen, its only rumors." Dkt. 9-6 at 1. Offender Jimmy Olson stated, "I didn't see anything happen, yes I was there." *Id.* at 2. Offender Jordan Monroe stated, "I was there. Nothing happen." *Id.* at 3.

2

On August 24, the disciplinary hearing officer ("DHO") held the hearing in case NCF 23-08-804. Dkt. 9-4. Mr. Davis pled not guilty at the hearing and stated, "I lied on my written statement." *Id.* Mr. Davis asked to submit a grievance as evidence, which the DHO states under oath that he permitted and considered. Dkt. 9-8. Mr. Davis did not ask to present any evidence other than his grievance. *Id.* The DHO found Mr. Davis guilty based on staff reports, Mr. Davis' oral statement, evidence from witnesses, and physical evidence (Mr. Davis' written statement). Dkt. 9-4. The DHO imposed sanctions, including a one-step credit class demotion and a 90-day loss of earned credit time. *Id.*

Mr. Davis' appeals were denied. On October 16, 2023, Mr. Davis filed this habeas action. On December 21, 2023, the Department modified Mr. Davis' charge to B-204, sexual contact. Dkt. 9-13. Respondent argues that Mr. Davis failed to exhaust certain claims, but the Court finds it more efficient to address the merits of all Mr. Davis' claims.

## C.   Analysis

In support of his petition, Mr. Davis argues: 1) he was denied an impartial decisionmaker; 2) he was denied 24 hours' notice before his hearing; and 3) the evidence did not support the conviction. Dkt. 1; dkt. 10.

### 1. Impartial Decisionmaker

A prisoner in a disciplinary action has the right to be heard before an impartial decisionmaker before losing earned credit time. *Hill*, 472 U.S. at 454; *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003). Hearing officers "are entitled to a presumption of honesty

and integrity" absent clear evidence to the contrary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003); *Perotti v. Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009). Indeed, the "the constitutional standard for impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding." *Piggie*, 342 F.3d at 666. Instead, hearing officers are impermissibly biased when, for example, they are "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667.

Mr. Davis has not alleged that the DHO was involved in the incident at issue or its investigation. He argues that the DHO did not really consider Mr. Davis' grievance, wherein Mr. Davis explains that a PREA officer pressured him to admit what happened, even though it was a lie. In essence, his argument that the hearing officer was biased is based on the fact that the hearing officer found him guilty. This is not enough to demonstrate that he was denied an impartial decisionmaker.

## 2. Advanced Notice of Hearing

A prisoner has a right to 24 hours advance notice of the charges against him "in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff,* 418 U.S. at 564. "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (citing *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995)). "The notice requirement permits the

accused to gather the relevant facts and prepare a defense." *Northern,* 326 F.3d at 910.

Mr. Davis contends that he was not given 24 hours' notice before the hearing. In response to a written request, a caseworker told him that the hearing would be held on August 29, 2023. Dkt. 1-1. His hearing was conducted on August 24, 2023, and he alleges that he was "unprepared and caught off-guard." Dkt. 1 at 3.

Mr. Davis was notified of the charge on August 18, six days before the August 24 hearing. Although it is unfortunate that the caseworker was either misinformed or the hearing date was changed, these circumstances do not violate due process. Mr. Davis had ample time to prepare for the hearing.

### 3. Insufficient Evidence

Mr. Davis' final claim is that there was insufficient evidence to find him guilty of the charge. In a prison disciplinary proceeding, the "hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added); *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the hearing officer.").

Even though Mr. Davis says that he lied in his written statement admitting to sexual conduct/contact, the DHO was not required to believe this retraction. Mr. Davis argues that his single statement should be weighed against the other three witness statements saying nothing happened. This Court, however, may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000)). Mr. Davis' written statement was some evidence to support the charge.

###    D.    Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558.  There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action. Accordingly, Mr. Davis' petition for a writ of habeas corpus must be **denied.**  Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 1/9/2026

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRANT DAVIS
292390
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

Natalie Faye Weiss
INDIANA ATTORNEY GENERAL
natalie.weiss@atg.in.gov